```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

          -AGAINST-                    MEMORANDUM AND ORDER
                                         13-CR-0186 (DRH)
DANIEL PATRICK SHEEHAN,

          Defendant.
------------------------------X
A P P E A R A N C E S:

For the Government:
    Loretta Lynch, Esq.
    United States Attorney
    Eastern District of New York
    610 Federal Plaza
    Central Islip, New York 11722
      By: Lara Treinis Gatz, A.U.S.A.

For the Defendant:
    Edward P. Jenks, Esq.
    332 Willis Avenue
    Mineola, New York 11501
```

HURLEY, Senior District Judge

      The Court is in receipt of a pro se submission from Daniel Patrick Sheehan ("defendant" or "Sheehan") filed on September 8, 2014 entitled "MOTION TO VACATE CONVICTION AND INDICTMENT AND DISMISS WITH PREJUDICE."  (Def.'s Sept. 9, 2014 Mot. at 1.)

      By indictment filed on March 20, 2013, the defendant was charged in Count One with a "Hobbs Act Extortion" in that he allegedly "demanded money from the Home Depot Store in Huntington Station, New York via threatening letters and telephone calls to the store's manager" in violation of 18 U.S.C. § 1951, and, under Count Two, with the "Use of a Destructive Device to Commit [the]

Extortion" charged in Count One in violation of 18 U.S.C. § 924(c)(1)(B)(ii).[1]

The case was tried before a jury over several days beginning on June 11, 2013.  During the defendant's opening statement, he acknowledged his guilt as to Count One consistent with what he told members of law enforcement upon his arrest.  But he denied the allegations in Count Two upon the ground that "[t]he device was not a destructive device."  (Trial Transcript ("Tr."), 140:19).)

The jury returned a verdict of guilty as to not only the uncontested count, i.e. Count One, but also Count Two.  Thereafter, Sheehan's attorneys filed a motion on his behalf seeking a judgment of acquittal pursuant to Fed. R. Crim. P. ("Rule") 29 as to Count Two or, alternatively, a new trial on that Count under Rule 33.  That motion was denied by Memorandum an Order dated July 11, 2014.

By Order dated March 13, 2014, Edward P. Jenks, Esq. ("Jenks") was appointed as replacement C.J.A. counsel for defendant and it is my understanding based on a review of the Court records that he still occupies that status.  Accordingly, motions by the defense should be made solely by defendant's counsel, lest the government be, in effect, "double-teamed."

---

[1] Count Three was dismissed on the government's application by Order dated June 10, 2013 (docket # 28).

Based on some submissions by Sheehan, however, it seems he is under the impression that Jenks's present status is simply as "stand-by counsel."[2]  Given Sheehan's understanding, I read Sheehan's application.  Having done so, I note that it targets the investigative techniques utilized by law enforcement leading to his arrest.  Those techniques, he proffers, were violative of the Fourth Amendment and, thus, all the evidence that followed should be suppressed as the "fruit of the poisonous tree." (Sheehan's Sept. 8, 2014 Mot. at 3.)  Simply put, Sheehan has filed a post-conviction motion to suppress.

Fed. R. of Crim. P. 12(b)(3)(c) provides, however, that a motion to suppress must be made before trial.  The failure to do so constitutes a waiver.  Fed. R. Crim. 12(e).  Relief from the waiver may be granted upon a showing of "good cause."  Id.; see generally United States v. Thomas, 757 F.2d 1359, 1369 (2d Cir. 1985).  Here, defendant harbors the erroneous view that all "motions . . . concern[ing] the defendant[']s [c]onstitutional rights . . . can be filed at any time."  (Sheehan's Letter filed on Nov. 7, 2014.)  Not surprising, therefore, his effort to demonstrate the good cause necessary to overcome the waiver is cursory to the point of being inadequate to permit meaningful review.  Parenthetically, the same is true with respect to the

---

[2] Jenks's status as counsel will be discussed during the next scheduled Court appearance on December 8, 2014 at 11:00 a.m.

claimed underlying Fourth Amendment violation which is proffered absent citations to the record or to relevant case law.

For the reasons indicated, defendant's pro se motion of September 9, 2014 is denied.

SO ORDERED.

Dated: December 1, 2014
      Central Islip, New York

                                                        _____
                                                        DENIS R. HURLEY, U.S.D.J.

**\*** A copy of this decision was also sent directly to Mr. Sheehan.