UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

For Online Publication Only

FILED
CLERK
10:02 am, May 10, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

-against-

**MEMORANDUM AND ORDER**
13-CR-186 (JMA)
16-CV-6385

DANIEL PATRICK SHEEHAN,

Defendant.
----------------------------------------------------------------X

**AZRACK, United States District Judge:**

In 2013, Petitioner Daniel Sheehan ("Sheehan") was convicted, before the Honorable Denis R. Hurley, of Hobbs Act Extortion, 18 U.S.C. § 1951, and Use of a Destructive Device to Commit Extortion, 18 U.S.C. § 924(c)(1)(B). Currently pending before the Court is a motion to reopen Sheehan's motion to vacate his conviction pursuant to 28 U.S.C. § 2255.

The Court construes this motion as a second and successive petition and intends to transfer the petition to the Second Circuit. As explained below, if Sheehan objects to this intended transfer he must inform the Court, in writing, by June 10, 2024.

**A. Background**

The Indictment against Sheehan charged with him with Hobbs Act Extortion, 18 U.S.C. § 1951, in Count One and Use of a Destructive Device to Commit Extortion, 18 U.S.C. § 924(c)(1)(B) in Count Two. (Indictment, ECF No. 11.) In June 2013, a jury convicted Sheehan of both counts. (ECF No. 35.) The evidence at trial established that Sheehan "implemented an elaborate scheme intending to extort $2,000,000 from the Huntington Station Home Depot." (July 11, 2014 Order Denying Post-Trial Motions at 2, ECF No. 49.) Sheehan hid a pipe bomb in a lamp box that he placed on a shelf at this Home Depot location. (Id. at 3.) He then sent letters to

1

Home Depot threatening to detonate bombs in three stores on Black Friday unless Home Depot paid him $2,000,000. (Id. at 3–4.) When the police attempted to disarm the bomb at the Huntington Station store, it exploded. (Id. at 5–6.) Sheehan then "initiated further contact with Home Depot in an effort to complete his extortion plan." (Id. at 5–6.) Home Dept did not end up paying Sheehan any money.

In 2015, Judge Hurley sentenced Sheehan to one month imprisonment on Count One and 30 years imprisonment on Count Two. (ECF Nos. 67, 72.) In 2016, the Second Circuit affirmed Sheehan's convictions. (ECF No. 76; United States v. Sheehan, 838 F.3d 109 (2d Cir. 2016).)

In November 2016, Sheehan filed a timely § 2255 motion raising various claims alleging ineffective assistance of counsel. (ECF No. 75.) Sheehan also argued that his § 924(c) conviction in Count Two should be vacated based on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015). Sheehan argued that under Johnson, attempted extortion does not qualify as a "violent crime" for purposes of Section 924(c)(1)(B). (ECF Nos. 75, 102.)

In an order dated April 16, 2018, Judge Hurley rejected all of Sheehan's ineffective assistance claims.[1] (Apr. 16, 2018 Order, ECF No. 102.) Because the parties had not adequately addressed the Johnson claim, Judge Hurley held the claim in abeyance, appointed John Kaley as counsel for Sheehan, and directed that the parties submit further briefing on the Johnson issue. (Id. at 17; April 17, 2018 Orders). Judge Hurley granted the Government's request for a 60-day extension of time, directing the Government to respond by July 20, 2018. However, in a letter dated July 3, 2018, Sheehan informed Judge Hurley that he wanted to: (1) proceed pro se;

---

[1] One of the alleged instances of ineffective assistance concerned trial counsel's decision to concede guilt on Count One given Sheehan's confession and argue that Sheehan was innocent of Count Two because the pipe bomb was not functional and, thus, did not qualify as a "destructive device" for purposes of Count Two. In his 2255 Motion, Sheehan argued that counsel was ineffective because the evidence only established that he was guilty of attempted extortion. (ECF No. 102 at 7–8.) Judge Hurley denied this claim, explaining that 18 U.S.C. § 1951 covers both extortion and attempted extortion. (Id.)

2

(2) "remove John Kaley" from the case; and (3) "retract[]" his Johnson claim so that he could proceed with an appeal. (ECF No. 108; see also ECF No. 109.)

On July 18, 2018, Judge Hurley granted Sheehan's request, terminated Kaley, and deemed the Johnson claim to be "withdrawn." (July 18, 2018 Order.)

In a letter dated July 17, 2018, Sheehan reaffirmed that his July 3, 2018 letter was a "motion to proceed pro se and retract the Johnson issue." (ECF No. 109.) Attached to this letter was a motion Sheehan submitted to the Second Circuit in which he explained that he was seeking to "remove jurisdiction from the District Court and have my 2255" heard by the Second Circuit. (Id.)

In September 2018, Sheehan filed a petition pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania, where he was incarcerated. (Sheehan v. Warden Catricia L. Howard, 18-cv-1748 (M.D. Pa.) ("First 2241 Docket").) On December 29, 2020, this petition—which again sought to challenge his convictions—was dismissed for lack of jurisdiction. (Dec. 29, 2020 Order, First 2241 Docket, ECF No. 25.). Sheehan's subsequent motion for reconsideration and his appeal to the Third Circuit were unsuccessful. (First 2241 Docket, ECF Nos. 36, 43.)

In May 2020, Sheehan submitted a motion under Federal Rule of Civil Procedure ("Rule") 60(b)(6) to Judge Hurley. (ECF No. 112.) In the motion, Sheehan argued that pursuant to the Supreme Court's May 14, 2018 decision in McCoy v. Louisiana, 138 S.Ct. 1500 (2018) his ineffective assistance claim challenging counsel's concession of guilt on Count One was meritorious. (ECF No. 112.) In an order dated April 1, 2021 ("April 1, 2021 Order"), Judge Hurley denied this motion. (ECF No. 120.)

Sheehan then filed a notice of appeal for the April 1, 2021 Order. (ECF No. 121.) Judge Hurley subsequently declined a certificate of appealability. (ECF No. 122.)

3

On May 24, 2021, Sheehan filed a motion under Rule 60(b) seeking reconsideration of Judge Hurley's April 1, 2021 Order and Judge Hurley's denial of a certificate of appealability. (ECF No. 125.) On October 29, 2021, Judge Hurley denied Sheehan's motion for reconsideration. (ECF No. 128.)

On October 26, 2021, the Second Circuit denied Sheehan's motion for a certificate of appealability concerning his appeal of Judge Hurley's April 1, 2021 Order. (ECF No. 130; Sheehan v. United States of America, 21-1093 (2d Cir.).)

Sheehan subsequently filed additional petitions for a writ of mandamus in 2021 and 2022, which the Second Circuit denied. (ECF Nos. 131, 134.)

**B. Motion to Re-Open Johnson Claim**

On November 1, 2022, Sheehan filed the instant motion requesting that the court reopen his "924(c) claim that was retracted in July of 2018" and that Kaley or another attorney be appointed on his behalf. (ECF No. 132.) Sheehan argues that this request should be granted because he "has been in constant pursuit of relief since the retraction." (ECF No. 134.)

After filing the instant motion to reopen, the case was reassigned to the undersigned as Judge Hurley retired from judicial service earlier in 2022.

The Government responded to Sheehan's motion in December 2022 and sought clarification on whether Sheehan was seeking rehearing of the 2255 motion he had previously filed or was seeking to file a second or successive petition. (ECF No. 137.) The Government argued that any request for rehearing should be denied and that Sheehan would need to obtain leave of the Second Circuit to file a second or successive petition. (Id.)

Sheehan subsequently filed various additional submissions in support of his motion to reopen. In one submission, he explained that he withdrew the Johnson claim because he believed

4

that Judge Hurley—who had appointed counsel for Sheehan for this claim—was biased against him because, among other things, Judge Hurley had given the Government a second opportunity to address the Johnson claim. (ECF No. 139.) Sheehan explained that he retracted the Johnson claim because he was convinced that "Justice did not exist for him at the EDNY" and he wanted to pursue "an appeal and/or file a 2241 away from the bias." (ECF No. 139; see also ECF No. 144 (asserting that Sheehan withdrew the Johnson claim because he "perceived" that Judge Hurley had abused his discretion in granting the Government a second opportunity to respond to the Johnson claim and granting the Government's request for an extension of time).)

In his response to the questions raised by the Government's December 2022 filing, Sheehan stresses he is seeking to reopen his original 2255 petition and did not intend to file a second petition. (ECF No. 144.) Sheehan also argues that because he unilaterally withdrew his Johnson claim, his motion to reopen should not qualify as a second or successive petition under the Second Circuit's decision in United States v. Thai, 391 F.3d 491 (2d Cir. 2004).

In another submission, Sheehan asserts that he should be permitted, under Rule 15, to amend his original petition to add a Johnson claim. (ECF No. 145.)

During the pendency of his motion to reopen, Sheehan has filed two writs of mandamus with the Second Circuit. In denying the first of these writs in December 2022, the Second Circuit warned Sheehan that "continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers could result in the imposition of a 'leave-to-file' sanction in this Court." (ECF No. 152.) The Second Circuit also informed Sheehan that if he "wishes to challenge his conviction, under United States v. Davis, 139 S. Ct. 2319 (2019), or any other ground, he should apply in this Court for leave to file a successive 28 U.S.C. § 2255 motion." (ECF No. 152.) To date, Sheehan has not sought leave to file a second successive § 2255 motion.

5

In January 2024, Sheehan filed his most recent petition for a writ of mandamus, which remains pending.

C. **Analysis**

Because Sheehan's motion to reopen is properly characterized as a second or successive petition, the Court intends to transfer his motion to reopen to the Second Circuit as a second or successive petition.

Liberally construing Sheehan's motion to reopen and his related filings, the Court has also considered whether Sheehan can obtain relief under (1) the standards applicable to reconsideration motions brought under Rule 60 and (2) motions for leave to amend under Rule 15. The Court finds that Sheehan's request should be denied under either standard.

A Rule 60(b) motion "to reopen a habeas proceeding that attacks the underlying criminal conviction but not the initial habeas proceeding must either be (i) treated as "a second or successive" habeas petition, or (ii) denied "as beyond the scope of Rule 60(b)." Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004) (cleaned up); see Gonzalez v. Crosby, 545 U.S. 524, 530–31 (2005). If a petitioner has filed a "true" Rule 60(b) motion that is, in fact, challenging the initial habeas proceeding, a court must determine whether the petitioner can prevail under Rule 60(b). Harris, 367 F.3d at 82.

Rule 60(b) provides that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:"

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Rule 60(b).

    "Despite its open wording," the "any other reason that justifies relief" provision in Rule 60(b)(6) "has been narrowly cabined by" Second Circuit precedent. Harris, 367 F.3d at 81 "Generally, '[i]t is well established . . . that a 'proper case' for Rule 60(b)(6) relief is only one of 'extraordinary circumstances,' or 'extreme hardship.'" Id. (cleaned up).

    Sheehan's motion to reopen is more properly characterized as a second or successive petition rather than as a true Rule 60(b) motion. See United State v. Demeulenaere, 796 F. App'x 969, 972 (10th Cir. 2019) (finding that district court lacked jurisdiction over Rule 60(b) motion that sought to reassert § 2255 claims that petitioner had previously withdrawn because this motion constituted an attempt to file a second or successive petition); cf. Gonzalez v. Crosby, 545 U.S. 524, 530–31 (2005) (explaining that where a petitioner fails to raise a claim in his first petition and then seeks to raise that claim in a Rule 60(b) motion asserting "excusable neglect" for failure to raise the claim, such a claim is "in substance a successive habeas petition and should be treated accordingly"); id. at 533 n. 5 ("[A]n attack based on the movant's own conduct . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.").

7

Because Sheehan's motion is appropriately characterized as a second or successive petition, he cannot obtain relief under Rule 60.[2] Accordingly, the Court construes Sheehan's motion to reopen (and related subsequent filings) as a second or successive petition. The Court intends to transfer that petition to the Second Circuit. This Court, however, must first inform Sheehan that it intends to transfer the petition and afford him opportunity to avoid the transfer. See Harris, 367 F.3d at 82.

**If Sheehan objects to the transfer of this petition to Second Circuit, he must inform this Court, in writing, by June 10, 2024. If this Court does not receive an objection from Sheehan by June 10, 2024, the Court will transfer this petition to the Second Circuit. If Sheehan objects to the transfer of this petition, the Court will deny the petition as beyond the scope of Rule 60.**

Even assuming, for the sake of argument, that Sheehan's motion constitutes a "true" Rule 60(b) motion, he has not established extraordinary circumstances, extreme hardship, or any basis for relief. Sheehan made the instant motion more than four years after he withdrew this claim and more than six years after he filed his petition. As explained above, Judge Hurley appointed counsel for Sheehan to address his Johnson claim in 2018. Sheehan, however, decided to instead proceed pro se and withdraw this claim. Sheehan made his intentions and wishes crystal clear in 2018. His filings also stress that he withdrew his Johnson claim for strategic reasons. Now, four years after Judge Hurley granted his withdrawal request—and after Sheehan filed additional unrelated motions for reconsideration with Judge Hurley and pursued unsuccessful appeals—Sheehan has

---

[2] Citing United States v. Thai, 391 F.3d 491 (2d Cir. 2004), Sheehan argues that his attempt to reopen his § 2255 petition should not qualify as a second or successive petition. Even assuming that this issue is appropriately raised before this Court rather than before the Second Circuit, the Court finds that Sheehan's motion would still be considered a second or successive petition under Thai. Unlike the petitioner in Thai, Sheehan did not withdraw his entire first petition and the other claims in Sheehan's petition were denied on the merits. Moreover, Sheehan withdrew his Johnson claim for admittedly strategic reasons.

sought to reopen his § 2255 petition to pursue a Johnson/Davis claim. Sheehan has not shown extraordinary circumstances, extreme hardship, or an entitlement to relief on any other grounds available under Rule 60(b).

Rule 60—rather than Rule 15, which governs amendments to pleading—is the most relevant rule for analyzing Sheehan's motion to reopen. However, even assuming for the sake of argument that Rule 15 governs, the Court would still deny Sheehan's motion to reopen. Although "Rule 15 provides that 'leave shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), the district court may deny that leave where necessary to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." Ching v. United States, 298 F.3d 174, 180 (2d Cir. 2002). Sheehan's pursuit of this claim was dilatory. He explicitly decided to withdraw his Johnson claim years ago and dismissed the counsel appointed by Judge Hurley. Given all the circumstances here, the Court denies Sheehan's attempt to amend his petition to reallege the claim that he previously decided to withdraw.

Finally, Sheehan has also requested that he be appointed counsel. The Court denies Sheehan's request for appointment of counsel in connection with his motion to reopen before this Court. As explained above, even assuming that the instant motion is a "true" Rule 60 motion (or is cognizable as a motion for leave to amend under Rule 15), any such motions lack merit.

This Court does not decide whether Sheehan should be appointed counsel in connection with a second or successive petition that may be transferred to the Second Circuit. That decision is left to the Second Circuit to consider in the event of transfer.

### D. Conclusion

For the reasons stated above, this Court intends to transfer, to the Second Circuit, Sheehan's motion to reopen, which is properly characterized as a second or successive petition.

**If Sheehan objects to the transfer of this petition to Second Circuit, he must inform this Court, in writing, by June 10, 2024. If this Court does not receive an objection from Sheehan by June 10, 2024, the Court will transfer this petition to the Second Circuit. If Sheehan objects to the transfer of this petition, the Court will deny the petition as beyond the scope of Rule 60.**

For the sake of completeness, the Court has also addressed Sheehan's motion to reopen on the merits to the extent that it could possibly be construed as a "true" Rule 60 motion or be cognizable as a motion for leave to amend under Rule 15. As explained above, any such motion would fail under Rule 60 or Rule 15.

A certificate of appealability shall not issue because Sheehan has not made a substantial showing that he was denied any constitutional rights. See 28 U.S.C. § 2253(c)(2). I certify that any appeal of this Order would not be taken in good faith, and thus in forma pauperis status is denied for the purposes of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Sheehan.

**SO ORDERED.**

Dated: May 10, 2024
Central Islip, New York

                  /s/ (JMA)
                 JOAN M. AZRACK
                 UNITED STATES DISTRICT JUDGE