UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                        -against-

DANIEL PATRICK SHEEHAN,

                        Defendant.
-----------------------------------------------------------------X

For Online Publication Only

**ORDER**
13-CR-186 (JMA)
16-CV-6385

**AZRACK, United States District Judge:**

In an order dated May 10, 2024 (the "May 10 Order"), the Court determined that Petitioner Daniel Sheehan's motion to reopen his § 2255 petition was properly characterized as a second or successive petition. (ECF No. 155.) As explained in the May 10 Order, the Court intended to transfer that petition to the Second Circuit. The May 10 Order informed Sheehan that if he objected to this intended transfer, he had to inform the Court in writing by June 10, 2024. The May 10 Order also informed Sheehan that if he objected to the transfer of this petition, the Court would deny his motion as beyond the scope of Federal Rule of Civil Procedure 60.

In a submission received by the Court on May 20, 2024, Sheehan objected to the transfer of this second or successive petition to the Second Circuit. (ECF No. 156.) Sheehan's May 20, 2024 submission also seeks reconsideration of the May 10 Order. Subsequently, on June 17, 2024, the Court received a recusal motion filed by Sheehan. (ECF No. 158.) Sheehan asserts that if the Court grants his motion for reconsideration, then it will be unnecessary for the Court to rule on the recusal motion. (ECF No. 158 at 1.)

A. **Motion for Reconsideration of the May 10 Order**

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp., 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013) (citation omitted), aff'd, 577 F. App'x 11 (2d Cir. 2014). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked. Matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). A motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). Further, it is within the sound discretion of the district court whether or not to grant a motion for reconsideration. See Gupta v. Attorney Gen. of United States, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014).

Here, Sheehan has failed to make the substantial showing necessary to warrant reconsideration, namely "an intervening change of controlling law, the availability of new evidence not previously available, or the need to correct clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd., 956 F.2d at 1255. Rather, Sheehan sets forth arguments that have already been considered and denied. Moreover, Sheehan's motion for reconsideration does not show that the May 10 Order was incorrect.

Sheehan's reconsideration motion focuses on United States v. Thai, 391 F.3d 491 (2d Cir. 2004), which, according to Sheehan, stands for the proposition that his "retracted" 924(c) claim

2

can be "reopened at any time." (ECF No. 156 at 1.) The May 10 Order, however, addressed <u>Thai</u>, explaining that it was distinguishable because "[u]nlike the petitioner in <u>Thai</u>, Sheehan did not withdraw his entire first petition and the other claims in Sheehan's petition were denied on the merits." (May 10 Order at 8 n. 2.) The May 10 Order also cited <u>United State v. Demeulenaere</u>, 796 F. App'x 969, 972 (10th Cir. 2019), in which the Tenth Circuit found, in similar circumstances, that a district court lacked jurisdiction over a petitioner's Rule 60(b) motion which sought to reassert § 2255 claims that the petitioner had previously withdrawn because his motion constituted an attempt to file a second or successive petition. Additionally, as noted in the May 10 Order, the Second Circuit has previously informed Sheehan that if he "wishes to challenge his conviction, under <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), or any other ground, he should apply in this Court for leave to file a successive 28 U.S.C. § 2255 motion." (May 10 Order at 5 (citing ECF No. 152.))

Sheehan's motion for reconsideration is denied.

**B. Motion for Recusal**

Sheehan's recusal motion is meritless and is denied.

**C. Sheehan's Objection to Transfer**

In the May 10 Order, the Court construed Sheehan's motion to reopen as a second or successive petition and explained that it intended to transfer the petition to the Second Circuit. Sheehan, however, has objected to the transfer of this petition to the Second Circuit. Accordingly, the Court will not transfer this petition. Instead, for the reasons stated in the May 10 Order, the Court denies Sheehan's motion to reopen as beyond the scope of Rule 60.

D. **Conclusion**

For the reasons stated above, the Court:

- denies Sheehan's motion to reopen, (ECF Nos. 132, 139), as beyond the scope of Rule 60;

- denies as moot his motion to expedite determination of the motion to reopen, (ECF No. 143);

- denies his motion for reconsideration of the May 10 Order, (ECF No. 156); and

- denies his recusal motion, (ECF No. 158).

A certificate of appealability shall not issue because Sheehan has not made a substantial showing that he was denied any constitutional rights. See 28 U.S.C. § 2253(c)(2). I certify that any appeal of this Order would not be taken in good faith, and thus in forma pauperis status is denied for the purposes of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to close this case and to mail a copy of this Order to Sheehan.

**SO ORDERED.**

Dated: July 8, 2024
Central Islip, New York

                                                         /s/ (JMA)
                                                    JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE